**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **DEMAJIO JEROME ELLIS ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:13 CV 686** |
| | ) | |
| **INDIANA STATE PRISON,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Demajio Jerome Ellis, a *pro se* prisoner, filed an amended complaint in two

envelopes. Because he sent the first three pages in an envelope labeled "part 1" and the

remaining pages in an envelope labeled "part 2" – it is clear that this constitutes a single

amended complaint even though it is docketed as two separate filings. (DE # 7, DE # 8.)

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and

citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review

the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief against

a defendant who is immune from such relief.

A complaint must contain sufficient factual matter to "state a claim that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

has facial plausibility when the pleaded factual content allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Ellis names four defendants, one of which is the Indiana State Prison. The Indiana State Prison is not a "person" under 42 U.S.C. § 1983, and it is immune from suit pursuant to the Eleventh Amendment. *See Thomas v. State*, 697 F.3d 612, 613 (7th Cir. 2012). Therefore it must be dismissed.

Ellis raises two distinct claims. First he alleges that Sgt. Robbertson failed to protect him from an attack by another inmate, Jackson, who threw feces on him. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence

at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). However, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). Here, Ellis gives no indication that Sgt. Robbertson knew about the attack before "Officer Ralph" went to get him after seeing that inmate Jackson was after Ellis. General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). Therefore, Ellis has not stated a claim for failing to prevent the attack.

Neither has he stated a claim against Sgt. Robbertson for failing to stop the attack once it had begun. Ellis alleges that Sgt. Robbertson was sarcastic when he told the attacker to stop. (DE # 1 at 9; DE # 7 at 1.) Ellis alleges that the attacker was not punished because he only received a conduct report (though it is unclear what more Ellis expected since corporal punishment is not permitted and the conduct report could have lead to any number of punishments after the attacker was afforded due process). Ellis states that Sgt. Robbertson did not threaten to spray "mace" on inmate Jackson. However, federal judges do not micro-manage prisons. *Bruscino v. Carlson*, 854 F.2d 162, 165 (7th Cir. 1988). Prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline. *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986).

"That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline." *Whitley v. Albers*, 475 U.S. 312, 322 (1986). So despite Ellis' dissatisfaction with Sgt. Robbertson's tone of voice, he did tell inmate Jackson to stop and he was not obligated to physically intervene stop this attack. *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011). Therefore Ellis has not stated a claim against Sgt. Robbertson for failing to protect him from inmate Jackson.

However, after he was covered with feces following the attack, Ellis alleges that he was not permitted to shower for ten hours. This states a claim.

> A claim that the conditions of an inmate's confinement were constitutionally inadequate proceeds through a two-step inquiry. We consider first whether the adverse conditions complained of were "sufficiently serious," such that the acts or omissions of prison officials giving rise to these conditions deprived the prisoner of a "minimal civilized measure of life's necessities." If the answer to that question is yes, we consider whether prison officials were deliberately indifferent to the adverse conditions.

*Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664-665 (7th Cir. 2012) (citations omitted). Though it is clear that there will be disputed facts surrounding this claim, Ellis has plausibly alleged an Eighth Amendment claim against Lt. Willson, Sgt. Robbertson, and Officer C. Willson for depriving him of a shower for ten hours after he was covered in feces.

For the foregoing reasons, the court:

(1) **GRANTS** Demajio Jerome Ellis leave to proceed against Lt. Willson, Sgt. Robbertson, and Officer C. Willson in their individual capacities, for compensatory and punitive damages, for preventing him from showering for ten hours after he was covered in feces on February 4, 2012, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** the Indiana State Prison;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 forms for Lt. Willson, Sgt. Robbertson, and Officer C. Willson to the United States Marshals Service along with a copy of the amended complaint (DE # 7 and DE # 8) and this order;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Lt. Willson, Sgt. Robbertson, and Officer C. Willson; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Lt. Willson, Sgt. Robbertson, and Officer C. Willson respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: November 27, 2013

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT